IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| PAUL CHRISTOPHER POLLITT,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JEREMY PELTER,<br>*In his capacity as Acting Secretary of the Department of Commerce*,[1]<br><br>　　　　Defendant. | Case No. 24-cv-00362-DKW-RT<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AS UNOPPOSED WITH LEAVE TO AMEND** |

　　In November 2023, Plaintiff Paul Pollitt initiated this action, without counsel, appearing to allege that, while he had been awarded back pay and benefits by a federal administrative commission as a result of his age discrimination claims, the commission had erred in calculating the award. Dkt. No. 1.[2]

　　In January 2025, after numerous stipulations permitting further time to respond to the Complaint, Defendant Jeremy Pelter, in his capacity as the Acting

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Jeremy Pelter is automatically substituted as the party-defendant in this action following the January 2025 resignation of Gina M. Raimondo as the Secretary of Commerce. *See* https://www.commerce.gov/about/leadership/jeremy-pelter; https://www.https://www.commerce.gov/about/leadership/gina-m-raimondo.

[2] While the Complaint is far from a model of clarity on the nature of the underlying claim Pollitt brought in his administrative proceeding, it appears that the claim concerned alleged age discrimination after Pollitt was not hired for two positions by the National Oceanic and Atmospheric Administration. *See* Dkt. No. 32 at 1.

Secretary of the Department of Commerce, moved to dismiss. Dkt. No. 32. Defendant argues, among other things, that, because Pollitt pursued an administrative action for back pay and benefits, he now has one of two options: either (1) enforcement of the administrative decision in its entirety, or (2) *de novo* review of the underlying discrimination claim, which led to his award of back pay and benefits. Defendant argues that the Complaint, liberally construed, appears to seek an impermissible mix of the two options, as opposed to just one. At the same time, Defendant acknowledges that Pollitt should be allowed leave to amend the Complaint to correct this deficiency.

Although Pollitt did not file a response to the motion to dismiss with the Court, he appears to have emailed a response to Defendant. *See* Dkt. No. 35-1 at ¶ 2. Therein, he agrees with Defendant. Specifically, he states that he has "no objection" to dismissing the Complaint and seeks leave to amend the same in order to allege an "enforcement action", *i.e.*, the first of the options above. Dkt. No. 35-2 at 5.

In this light, there is little for the Court to do because the parties are in agreement. As a result, the motion to dismiss, Dkt. No. 32, is GRANTED as unopposed, and the Complaint is DISMISSED with leave for Pollitt to amend the same in order to allege "an enforcement action only." *See* Dkt. No. 35-2 at 5.

2

**Pollitt may have until March 5, 2025 to file an Amended Complaint with the Court, consistent with the terms above.**

The Clerk is instructed to mail Pollitt a copy of form "Pro Se 1" "Complaint for a Civil Case", which he may, but is not required, to use in preparing an amended complaint.

IT IS SO ORDERED.

Dated: February 19, 2025 at Honolulu, Hawaiʻi.



Derrick K. Watson
Chief United States District Judge

---

*Paul Christopher Pollitt v. Jeremy Pelter;* Civil No. 24-00362 DKW-RT; **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AS UNOPPOSED WITH LEAVE TO AMEND**