IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| PAUL CHRISTOPHER POLLITT,<br><br>Plaintiff,<br><br>v.<br><br>HOWARD LUTNICK,<br>*In his capacity as Secretary of the Department of Commerce*,[1]<br><br>Defendant. | Case No. 24-cv-00362-DKW-RT<br><br>**ORDER DENYING MOTION TO DISMISS** |

Defendant Howard Lutnick, Secretary, U.S. Department of Commerce, moves to dismiss Plaintiff Paul Pollitt's Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Lutnick claims that Pollitt has failed to exhaust the administrative remedies applicable to this action, which Pollitt acknowledges seeks to "enforce" an August 17, 2023 decision of the Equal Employment Opportunity Commission (EEOC). Pollitt opposes dismissal, arguing that he properly brought this action in federal court within 90 days of the EEOC's decision and consistent with the guidance provided in that decision.

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Howard Lutnick was automatically substituted as the party-defendant in this action following his confirmation as the Secretary of Commerce. *See* https://www.commerce.gov/about/leadership/howard-lutnick.

Upon consideration of the parties' briefing, oral argument, applicable case law and regulatory provisions, and the alleged facts of this case, the Court finds that this enforcement action is not barred by administrative exhaustion. Whether viewed (1) from a legal basis—the applicable regulations do not prohibit Pollitt from pursuing this action, (2) from a factual basis—Pollitt sufficiently alleges that Defendant failed to submit a required report of compliance, or (3) in light of the directions provided by the EEOC—Pollitt did precisely what the August 17, 2023 decision stated he could do in filing this action within 90 days, the Court does not find the instant motion to be well-taken. As a result, for the reasons set forth more fully below, the motion to dismiss, Dkt. No. 40, is DENIED.

## RELEVANT BACKGROUND[2]

On January 2, 2017, Pollitt filed an equal employment opportunity complaint, claiming that the National Oceanic & Atmospheric Administration (NOAA) discriminated against him on the basis of age. On September 28, 2017, NOAA agreed, issuing a final decision ordering that Pollitt be offered the seaman position he sought, together with backpay and benefits. Pollitt appealed to the EEOC, arguing that NOAA failed to comply with its final decision. On May 7, 2019, although NOAA had offered Pollitt a "substantially equivalent position", the EEOC

---

[2] The following background related to matters occurring before the EEOC is taken from the August 17, 2023 decision (Dkt. Nos. 40-4, 45-3).

ordered NOAA to "again" offer Pollitt a seaman position with appropriate backpay and benefits.

On June 13, 2019, NOAA offered, and Pollitt accepted, an able-bodied seaman position with a "mixed tour work schedule." On October 16, 2020, NOAA issued a final decision awarding Pollitt $53,169.19 in net backpay and hundreds of hours of annual, sick, and shore leave. Pollitt appealed, again disputing the amounts of backpay and leave awarded, as well as the lack of compensation for the "adverse tax consequences" of the backpay award. On February 8, 2023, the EEOC affirmed NOAA's awards of backpay and leave, but remanded to NOAA to determine the amount due for "adverse tax consequences." Pollitt then moved the EEOC for reconsideration of the February 8, 2023 decision.

On August 17, 2023, the EEOC denied the request for reconsideration ("the August 17, 2023 Decision"). In doing so, though, the EEOC clarified its February 8, 2023 decision as follows. NOAA was instructed to calculate the amount of backpay with interest and other benefits owed to Pollitt from June 6, 2016 until 2019, and then issue a check to Pollitt within 60 days of said calculation. NOAA was further instructed to reimburse Pollitt for any tax consequences incurred as a result of the backpay award. NOAA was directed to submit a "report of compliance" within seven calendar days of the completion of each of the above-described instructions, with the report to contain, *inter alia*, supporting

documentation of the backpay and other benefits calculated. The EEOC then explained that, if NOAA failed to comply with the August 17, 2023 Decision, Pollitt "may" petition the EEOC for enforcement. According to the EEOC, Pollitt could "also" file "a civil action to enforce compliance with the [August 17, 2023 Decision] prior to or following an administrative petition for enforcement." Finally, stating that the August 17, 2023 Decision was "final," the EEOC further explained that Pollitt had the right to file a civil action within 90 calendar days from receiving the decision and failure to do so "may result in the dismissal of your case in court."

Less than 90 calendar days later, on November 9, 2023, Pollitt initiated the instant proceeding with the filing of a Complaint. Dkt. No. 1. On March 6, 2024, the EEOC dated correspondence to Pollitt addressing his "concerns regarding the recent closure of your Compliance Matter," stating, *inter alia*, that "[t]his matter was closed on February 29, 2024, because the civil action you filed on November 9, 2023, raises the same issues that were the subject of the compliance matter." Dkt. No. 40-5 at 1. The EEOC further stated that, due to Pollitt's November 9, 2023 federal court complaint, it did "not have jurisdiction" over the calculation of Pollitt's backpay and benefits, "compliance monitoring has ceased[,]" but Pollitt nonetheless retained "the option to file a petition for enforcement[]" if he disputed the tax consequences associated with any award of backpay. *Id*. at 2.

On March 3, 2025, Pollitt filed the operative Amended Complaint in this case, stating, *inter alia*, that he sought "enforcement" of the August 17, 2023 Decision, and alleging that NOAA had failed to "comply or fully comply" with the same. Dkt. No. 38 at 4.

On March 11, 2025, Defendant filed the instant motion to dismiss. Dkt. No. 40. Pollitt filed a response to the motion to dismiss, Dkt. No. 45, and Defendant filed a reply in support, Dkt. No. 47. Thereafter, the Court scheduled a hearing on the motion to dismiss for May 5, 2025. Dkt. No. 48. On May 4, 2025, however, Pollitt emailed a court employee, informing that he would not attend the May 5, 2025 hearing due to unidentified unforeseen circumstances, and he intended to rely on his filed submissions. On May 5, 2025, the Court held a hearing on the motion to dismiss, with only counsel for Defendant present. Dkt. No. 49.

This Order now follows.

## **STANDARD OF REVIEW**

Defendant moves for dismissal of this case pursuant to Rule 12(b)(6), which authorizes the Court to dismiss a complaint that fails "to state a claim upon which relief can be granted." Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Pursuant to *Ashcroft v. Iqbal*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as

5

true, to 'state a claim to relief that is plausible on its face.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

A court may consider certain documents attached to a complaint, as well as documents incorporated by reference in the complaint or matters of judicial notice, without converting a Rule 12(b)(6) motion to dismiss into a motion for summary judgment. *United States v. Ritchie*, 342 F.3d 903, 908–09 (9th Cir. 2003).

Because Pollitt is proceeding pro se, the Court liberally construes his filings. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987).

## **DISCUSSION**

Defendant argues for dismissal of this action on the basis of a failure to exhaust administrative remedies. Specifically, citing various cases and 29 C.F.R. Section 1614.503, Defendant contends that a "prerequisite" to filing an enforcement action in federal court is a determination from the EEOC that an agency, such as NOAA, has not complied with its order(s). Dkt. No. 40-1 at 10. Defendant then contends that Pollitt has failed to allege this "prerequisite" or that NOAA has refused to submit a required report of compliance, warranting dismissal without leave to amend. *Id*. at 10-12.

On various fronts, the Court disagrees. First, in light of the language of Section 1614.503, the Court disagrees that a determination from the EEOC—that an agency is in non-compliance with one of its orders—is a prerequisite to filing suit in

federal court. Specifically, despite using the term "shall" repeatedly elsewhere, the regulation relied on by Defendant expressly states that a party like Pollitt "may" petition the EEOC for enforcement of a decision. 29 C.F.R. § 1614.503(a). This weighs against the assertion that Pollitt *must* file a petition for enforcement with the EEOC. *See Sauer v. U.S. Dep't of Educ.*, 668 F.3d 644, 651 (9th Cir. 2012) ("the word 'may,' when used in a statute, usually implies some degree of discretion, especially when the same provision uses both 'may' and 'shall,' in which case, the normal inference is that each is used in its usual sense—the one act being permissive, the other mandatory[.]" (citations, brackets, quotations omitted). And, if Pollitt need not file an enforcement petition with the EEOC, the so-called prerequisites in Section 1614.503(g) never come into play. *See generally* 29 C.F.R. § 1614.503(a)-(g).[3]

This is entirely consistent with both the EEOC's own guidance in the August 17, 2023 Decision and *Carver v. Holder*, 606 F.3d 690 (9th Cir. 2010), upon which Defendant relies. With respect to the August 17, 2023 Decision, as

---

[3] The Court acknowledges that other courts have reached a contrary conclusion. *See, e.g.*, *Jackson v. Bessent*, 2025 WL 1136068, at *2-3 (E.D.Pa. Apr. 16, 2025) (citing cases and finding that agency noncompliance under Section 1614.503(g) is a "prerequisite to suit"); Dkt. No. 40-1 at 10 (citing cases). Those decisions are nonbinding and, in this Court's estimation, unpersuasive for the reasons set forth herein. Instead, this Court agrees with other courts that have taken a far more skeptical view of Defendant's arguments in this regard. *See, e.g.*, *Rajendran v. Wormuth*, 2023 WL 2666695, at *10-11 (M.D. Pa. Mar. 28, 2023) (denying a motion to dismiss a claim on the ground that the plaintiff failed to allege agency noncompliance, stating that such an argument "conflict[ed] with the language in an EEOC decision providing that the plaintiff had the right to file a civil action to enforce compliance "prior to or following an administrative petition for enforcement.").

mentioned, the EEOC expressly stated, like the regulation, that Pollitt "may" petition the EEOC for enforcement. The EEOC further stated that Pollitt "also" had the right to file a civil action, such as this one, for enforcement prior to or following administrative enforcement. There is only one way to read these instructions: Pollitt could pursue enforcement of the August 17, 2023 Decision <u>either</u> administratively <u>or</u> in federal court. Because these instructions are entirely consistent with the permissive language in Section 1614.503(a), contrary to Defendant's invitation, *see* Dkt. No. 40-1 at 12-13, this Court has no reason to ignore the EEOC's guidance to Pollitt.

As for *Carver*, Defendant reads far too much into its holding and underlying facts. With respect to the latter, they are fundamentally different than those alleged here. Notably, in *Carver*, the plaintiff petitioned the EEOC for enforcement <u>and</u> received a determination from the EEOC that the pertinent agency was in *full compliance* with the EEOC's orders. 606 F.3d at 697. No such things are alleged here. Specifically, while the parties' briefs are not clear on the point, at oral argument, Defendant's counsel asserted that no *administrative* petition for enforcement had been filed from the date of the August 17, 2023 Decision to the filing of this case on November 9, 2023. Further, the Amended Complaint, albeit filed without the benefit of counsel, does <u>not</u> allege that the EEOC has found NOAA in compliance (full or otherwise) with the August 17, 2023 Decision, but, instead,

8

clearly alleges that NOAA has not complied. This case, in other words, is not the same as *Carver* where the Ninth Circuit Court of Appeals was concerned with a party attempting to "selectively choose which aspect of the administrative disposition of his claim he wishes to enforce." *Id*. In contrast, here, Pollitt does not seek to selectively choose, as he seeks only to enforce the August 17, 2023 Decision, which the EEOC described as its "final" decision.

    *Carver* does not help Defendant for another reason. Specifically, the Ninth Circuit held that, when an employee invokes the EEOC's administrative claims process, as Pollitt initially did here, he "must follow the procedures" set forth in the relevant regulations, *id*. at 695, which, according to Defendant, is Section 1614.503. As discussed above, Pollitt has done so with respect to enforcing the August 17, 2023 Decision. The Ninth Circuit also held that an employee "cannot bring a suit for enforcement when there is no portion of the EEOC's final determination left to enforce." *Id*. at 698. Here, as alleged in the Amended Complaint, there are clearly still portions, if not the entirety, of the August 17, 2023 Decision left to enforce. Therefore, the Court does not find the instant case to be contrary to *Carver*, and, if anything, it is supported by the same.[4]

---

[4]Put another way, a more consistent reading of *Carver* is that a court is prohibited from "exercising jurisdiction over the enforcement of an EEOC decision when (1) the EEOC has found that the agency complied with the decision and (2) the agency has filed the required compliance reports. *See Yu v. United States*, 150 Fed. Cl. 11, 17 (Fed. Cl. 2020) (citing, *inter alia*, *Carver*). Here, as discussed more fully below, no such things are alleged to have occurred and, thus, there is no basis for this Court not to exercise jurisdiction over this enforcement action.

Second, Defendant misconstrues the allegations in the Amended Complaint. Specifically, even if the Court was willing to indulge Defendant's argument that Section 1614.503(g) creates "prerequisites to suit", at least one of those prerequisites, which is all that is required, *is* alleged. The so-called prerequisites are either (1) a finding from the EEOC that NOAA is not complying with an order, or (2) NOAA failing to file a required report of compliance. *See* Dkt. No. 40-1 at 9; *cf.* 29 C.F.R. § 1614.503(g) (providing that the EEOC shall notify an employee of the right to file a civil action for enforcement "[w]here the [EEOC] has determined that an agency is not complying with a prior decision, or where an agency has failed or refused to submit any required report of compliance….").

The Amended Complaint does not allege that the *EEOC* has determined NOAA is not complying with the August 17, 2023 Decision, *i.e*, the first so-called prerequisite. However, liberally construed, in alleging that NOAA has not complied in any way with the August 17, 2023 Decision, which, in part, required NOAA to submit reports of compliance for each corrective action, Pollitt has sufficiently alleged that NOAA "has failed or refused to submit any required report of compliance," *i.e.*, the second so-called prerequisite. This is sufficient for this

---

[5]The Court also puts no stock in Defendant's assertion that this action may "enlarge the relief granted by the EEOC via an enforcement proceeding[.]" Dkt. No. 40-1 at 14. That logic appears to be premised upon Pollitt being able to seek "de novo review of the underlying claimed misconduct[,]" *id*., but that is not something Pollitt seeks or would be allowed to seek here. The purpose of this lawsuit is simply to enforce the August 17, 2023 Decision.

"case to go forward." *See Carver*, 606 F.3d at 698 ("The DOJ's initial failure to supply this report [of compliance] permitted Carver's case to go forward.").[7]

## CONCLUSION

For the reasons set forth herein, the motion to dismiss, Dkt. No. 40, is DENIED.

IT IS SO ORDERED.

DATED: May 9, 2025 at Honolulu, Hawaiʻi.



Derrick K. Watson
Chief United States District Judge

---

[6]Similarly, Defendant's reliance upon the Ninth Circuit's unpublished decision in *Young v. Chao*, 816 F. App'x 154, 154 (9th Cir. Aug. 11, 2020), undermines, rather than supports, its position. In *Young*, the plaintiff "*failed to allege* facts sufficient to show that the [agency] did not comply with the final decision and that there was a portion of the final decision that remained unenforced." (emphasis added). Here, Pollitt has alleged such sufficient facts.

[7]In the motion to dismiss, while arguing that Pollitt's allegations are insufficient in this regard, Defendant appears to base this position upon the belief that the *EEOC* must determine that NOAA has failed to submit a report of compliance. *See* Dkt. No. 40-1 at 10-12. That, however, is not what Section 1614.503(g) provides. In addition, to the extent the record other than the Amended Complaint could be considered on the instant motion to dismiss, there is nothing in the same indicating that NOAA has submitted any report of compliance.